

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-239-CR

GERALD M. WRICE                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The issue in this case is whether the trial court abused its discretion by not excusing a juror for disability based on bias when the juror expressed anxiety upon learning that the defendant lived in her neighborhood. We affirm.

Appellant Gerald M. Wrice pleaded guilty to murder for shooting his girlfriend in the face with a shotgun. He went to the jury for punishment. At

---

[1] *See* Tex. R. App. P. 47.4.

some point during the testimony, one of the jurors realized that appellant lived in her neighborhood. On a lunch break, while the bailiff escorted the rest of the jury to the jury room, the juror held back, pulled the bailiff aside and said that she did not feel she could be impartial. The bailiff relayed the comment to the parties and to the trial court. After a hearing in chambers at which both sides and the trial court examined the juror, the trial court found that the juror was not disabled and allowed her to continue service over appellant's motion for mistrial. The trial proceeded to completion and the jury returned a verdict of fifty-five years' incarceration. The trial court sentenced appellant accordingly.

In two points, appellant contends that the trial court abused its discretion in not finding the juror disabled and in denying his motion for mistrial.

Texas felony defendants have a constitutional right to trial by twelve-member juries.[2] The code of criminal procedure, however, provides an exception when the trial court determines that a juror is disabled.[3] A juror is disabled when physical, mental, or emotional conditions inhibit the juror from fully performing the juror's duties.[4] Bias can be a disability if it impairs the

---

[2] Tex. Const. art. V, § 13.

[3] Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2009).

[4] *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000); *Stephens v. State*, 276 S.W.3d 148, 152 (Tex. App.—Amarillo 2008, pet. ref'd).

juror's ability to function fully and fairly.[5]  We review a trial court's ruling on juror disability for an abuse of discretion.[6]

At the hearing in chambers the juror testified as follows:

> VENIREPERSON: It bothered me a little bit on Tuesday when I found out that the crime had been committed just a few blocks from where I live.  And I'm sorry as I didn't come forward sooner, it's just as it goes on and on and I find that the Defendant is going, I guess, it's going – – it's becoming more apparent to me that he has strong ties to that neighborhood.  And I'm afraid that I may not be impartial about what kind of punishment he would be getting because based on his punishment there will be a time that he will be returning to a neighborhood that is probably six, seven blocks from where I live.

> THE COURT: . . . . The question, I guess, at this point is, you will be given a Court's charge.  Can [you] follow the law in the Court's charge and follow your oath that you that you've taken as a juror, Dr. Taylor, right?

> VENIREPERSON: Yes.

> THE COURT: Can you do that?

> VENIREPERSON: I've been thinking about it since it really started bothering me this morning.  I guess I can do my best I do feel like I will go into negotiations not perfectly you know with kind of a personal interest in what happened to him.

> . . . .

---

[5] *Reyes*, 30 S.W.3d at 411–12.

[6] *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App.), *cert. denied*, 528 U.S. 956 (1999); *Stephens*, 276 S.W.3d at 152.

3

MS. TOURJE [for the State]: Do you think that you would be able to take those personal feelings that you have and set those aside and follow what Judge Vick asks of you to follow the law? I know you said that your [sic] weighing that right now, but, I mean, if instructed by the Judge to do so, can you do that?

MR. CLEVELAND [for the Defense]: . . . . She said she doesn't believe she could.

VENIREPERSON: Actually I believe – – well, I'm wrestling with it. I can't help but I feel I'll have some sort of personal interest in what happens to him. I think I probably can, although I'll be a little bit nervous about what happens to him. I guess I can still make a decision that is the proper one and not in my own best interest.

THE COURT: Okay. Do y'all have any questions?

BY MR. CLEVELAND:

Q.      You're nervous about what?

A.      You know the – – supposing he were to go to jail for ten years and be paroled after five and then he comes back into the community.

Q.      That makes you nervous.

A.      It's likely that we live close enough together that it's likely that he would see me. I spend a lot of time walking around the neighborhood with my dogs.

Q.      And you stated that you're afraid you may be – – you ceased to be impartial. When did that thought come to you?

. . . .

A.      Maybe not immediately at first because I didn't realize immediately at first that he had strong ties to the neighborhood.

4

As of yesterday afternoon, I realized that he had strong ties. I feel he has strong ties where he'll return if he does goes away.

Q.    Does that make you feel like you're going to give him a long prison sentence?

A.    One or the other, actually.

. . . .

THE COURT: *Can you still consider the entire range of punishment indicated to you on voir dire? Can you still consider that the entire range of punishment?*

VENIREPERSON: *Yes, I can.*

THE COURT: *That includes probation?*

VENIREPERSON: *Yes.*

. . . .

THE COURT: And *you're telling us here under oath you could consider the entire range of punishment?*

VENIREPERSON: *Yeah.* It's difficult for me, but I think I could − − I feel like I have a vested interest in this, but I think I can put it aside.

BY MR. CLEVELAND:

Q.    Can I just ask her what's her vested interest in this?

A.    My own safety (emphasis added).

Although the juror expressed anxiety and concern for her safety as a result of learning that appellant had committed murder within a few blocks of

her home and that given his ties to the neighborhood he would likely return upon completion of any term of imprisonment, she testified that she could set aside her personal feelings and consider the entire range of punishment. Thus, the trial court reasonably could have concluded that she was not inhibited from fully and fairly performing her duties.[7] We hold, therefore, that the trial court acted within its discretion in not excusing this juror for a disability based upon bias, and we overrule appellant's first point of error.

In appellant's second point, he contends that the trial court abused its discretion in denying his motion for mistrial. Because the motion was premised upon appellant's claim that the juror was disabled, and we have held that the record supports the trial court's finding that the juror was not disabled, we further hold that there was no error warranting the extreme remedy of mistrial and that the trial court acted within its discretion in denying a mistrial.[8] Accordingly, we overrule appellant's second point.

---

[7] *See Reyes*, 30 S.W.3d at 412.

[8] *See Ocon v. State*, 284 S.W.3d 880, 888 (Tex. Crim. App. 2009); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

Having overruled both of appellant's points, the judgment is affirmed.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 19, 2009