**Juan CASTRO, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 01–06–00359–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 28, 2007.

Yalila Guerrero, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Panel consists of Justices NUCHIA, HANKS, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Juan Castro pleaded not guilty to the first-degree felony offense of aggravated robbery. *See* TEX. PEN.CODE ANN. § 29.03(a)(2), (b) (Vernon 2003). A jury found Castro guilty and assessed punishment at sixty years' confinement. In two issues, Castro contends the trial court (1) abused its discretion in dismissing a juror as disabled and proceeding to trial with eleven jurors instead of twelve, and (2) erred in failing to give Castro the choice between continuing with eleven jurors or a mistrial. We conclude that the trial court (1) did not abuse its discretion in dismissing the disabled juror and proceeding to trial with eleven jurors instead of twelve, and (2) was not required to give Castro the choice between continuing with eleven jurors or a mistrial. We therefore affirm.

## Background

On the night of November 15, 2004, Karen Carnes and Christopher Martin were in their apartment when Castro and an unidentified second man broke in through a back window. Castro had a knife and the second man had a gun. The men forced Carnes and Martin into a back bedroom where they tied them up and forced towels into their mouths. They then ransacked the apartment in search of valuables, taking with them some jewelry and electronics when they left. Carnes and Martin were able to free themselves and call the police. Castro was later identified as one of the robbers through fingerprint evidence.

## Disabled Juror

In his first issue, Castro contends the trial court abused its discretion in dismissing a juror as disabled and proceeding to trial with eleven jurors instead of twelve.

The trial court empanelled and swore in the jury in this case on April 12, 2006. The jury consisted of twelve members and one alternate. Because of a holiday weekend, the jury did not return for the remainder of the trial until April 17, 2006. On the morning of April 17, a juror named Tran asked to speak with the judge. Tran explained that English was his second lan-

guage and he was worried about his ability to understand the testimony at trial. The court excused Tran without objection from Castro or the State.

A second juror named Christopher Kasinsky failed to appear on the morning of April 17. The trial court called Kasinsky and asked for an explanation. Kasinsky explained that he was feeling nervous and uneasy about serving on the jury. Kasinsky also told the judge that the thought of passing judgment on another person made him physically sick and he had thrown up several times. Kasinsky is a Jehovah's Witness, and he admitted that his feelings about jury service stemmed partially from his religious beliefs. Putting his religious beliefs aside, Kasinsky still had personal reservations about jury service. When the trial court asked whether he could render a true verdict based on the law and evidence, Kasinsky responded that he could not, and he would have a very difficult time rendering a guilty verdict regardless of the evidence. The trial court excused Kasinsky from jury service as a disabled juror under article 36.29 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon 2006). The trial court placed the alternate on the jury and proceeded with only eleven jurors.

 Article 36.29(a) of the Texas Code of Criminal Procedure provides:

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b), however, after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

*Id.*[1] A juror is disabled if he has a physical illness, mental condition, or emotional state that hinders his ability to perform his duties as a juror. *Hill v. State*, 90 S.W.3d 308, 315 (Tex.Crim.App.2002); *Landrum v. State*, 788 S.W.2d 577, 579 (Tex.Crim. App.1990). A disability for purposes of article 36.29 includes any condition that inhibits a juror from fully and fairly performing the functions of a juror. *Routier v. State,* 112 S.W.3d 554, 588 (Tex.Crim. App.2003). The determination as to whether a juror is disabled lies within the sound discretion of the trial court. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex.Crim. App.1999). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State*, 215 S.W.3d 870, 879 (Tex.Crim. App.2007).

Here, the trial court found that Kasinsky was disabled due to an emotional condition that had resulted in physical illness and rendered him unable to fairly and fully perform his duties as a juror. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a); *Routier*, 112 S.W.3d at 588. The record contains sufficient evidence to support this conclusion. Kasinsky expressly told the trial court that because of his religious and personal beliefs, he could not render a true verdict based on the law and evidence, and

---

1. "A trial begins when the jury is sworn." *McClellan v. State*, 143 S.W.3d 395, 399–400 (Tex.App.–Austin 2004, no pet.); *Maten v. State*, 962 S.W.2d 226, 227 (Tex.App.–Houston [1st Dist.] 1998, pet. ref'd); *see also Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978) (holding that jeopardy attaches when jury is empanelled and sworn); *McElwee v. State*, 589 S.W.2d 455, 457 (Tex. Crim.App.1979); *State v. C.J.F.*, 183 S.W.3d 841, 847 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

the thought of passing judgment on another person made him physically sick and he had thrown up several times. *See Routier,* 112 S.W.3d at 588 (holding trial court did not abuse its discretion in discharging juror as disabled because trial court had evidence that juror had flu); *Ramos v. State,* 934 S.W.2d 358, 369 (Tex.Crim.App. 1996) (holding that trial court did not abuse its discretion in discharging juror as disabled because juror stated that his service would be impaired by his mental and emotional concerns relating to his employment); *Moore v. State,* 82 S.W.3d 399, 406–07 (Tex.App.–Austin 2002, pet. ref'd) (holding that trial court did not abuse its discretion in discharging juror as disabled because juror reported that he was suffering from severe gastrointestinal illness and was too weak to come to court); *Moffett v. State,* 949 S.W.2d 778, 783 (Tex.App.–Beaumont 1997, pet. ref'd) (holding that trial court did not abuse its discretion in discharging juror as disabled because juror stated that she was having family problems and her mental capacity to participate in trial would be diminished, and she would possibly be physically sick); *Freeman v. State,* 838 S.W.2d 772, 774 (Tex.App.–Corpus Christi 1992, pet. ref'd) (holding that trial court did not abuse its discretion in discharging juror as disabled because juror stated that he was very concerned about being absent from his job and he did not feel that he could be attentive during trial). The trial court had sufficient evidence to conclude that Kasinsky suffered from an emotional state that hindered his ability to perform his duties as a juror. *See Hill,* 90 S.W.3d at 315. We therefore hold that the trial court did not abuse its discretion in dismissing Kasinsky as disabled and proceeding to trial with eleven jurors. *See* Tex.Code Crim. Proc. Ann. art. 36.29(a). We overrule Castro's first issue.

## Choice Between Eleven Jurors or a Mistrial

■ In his second issue, Castro contends the trial court erred in failing to give him the choice between continuing with eleven jurors or a mistrial.

Article 36.29 of the Texas Code of Criminal Procedure contemplates that a jury in a felony case must begin with twelve members. Tex.Code Crim. Proc. Ann. art. 36.29(a); *Maten v. State,* 962 S.W.2d 226, 227 (Tex.App.–Houston [1st Dist.] 1998, pet. ref'd). If a juror becomes disabled after the jury is impaneled and sworn, article 36.29(a) gives the remaining eleven jurors the power to render the verdict. Tex.Code Crim. Proc. Ann. art. 36.29(a); *Maten,* 962 S.W.2d at 227.

In *Hegar v. State,* the trial court empanelled and swore in a jury of twelve with no alternates. 11 S.W.3d 290, 292 (Tex.App.–Houston [1st Dist.] 1999, no pet.). The trial court then released the remainder of the venire panel. *Id.* After a short recess, one of the empanelled jurors informed the trial court that she was not feeling well because she had been in a car accident the day before. *Id.* The trial court dismissed the juror as disabled without objection from Hegar or the State. *Id.* at 292–93. The trial court then empanelled and swore in the next venire member and proceeded to trial with twelve jurors. *Id.* at 293. Hegar moved for a mistrial but the trial court denied the motion. *Id.* On appeal, this court held that "[w]hen article 36.29 applies, the options available to a defendant are (1) to discharge the juror and continue with 11 jurors, or (2) to move for a mistrial." *Id.* at 294; *see also Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim.App. 1980); *Strickland v. State,* 741 S.W.2d 551, 553 (Tex.App.–Dallas 1987, no pet.). "The trial court errs if it does not give a defendant the opportunity to choose between continuing with 11 jurors or seeking a

mistrial." *Hegar,* 11 S.W.3d at 294; *see also Carrillo,* 597 S.W.2d at 771.

 Castro misconstrues the rule from *Hegar* and incorrectly applies it to the facts of this case. Under *Hegar,* the trial court is required to give the defendant the choice between eleven jurors or a mistrial when a disabled juror is dismissed and the trial court seeks to empanel a previously dismissed venire member. *Hegar,* 11 S.W.3d at 294. In such a situation, a trial court should not empanel a previously dismissed venire member; rather, a trial court must give the defendant the "opportunity to choose between continuing with 11 jurors or seeking a mistrial." *Id.*

Here, the trial court did not attempt to empanel a previously dismissed venire member. *See id.* at 293–94. After dismissing Tran and Kasinsky, the trial court placed the alternate on the jury and proceeded to trial with eleven jurors in accordance with article 36.29. *See* TEX.CODE CRIM. PROC. ANN. art. 36.29(a). A district court may empanel not more than four alternate jurors, and alternate jurors are drawn and selected in the same manner, have the same qualifications, are subject to the same examination and challenges, take the same oath, and have the same functions, powers, facilities, security, and privileges as regular jurors. TEX.CODE CRIM. PROC. ANN. art. 33.011 (Vernon 2006). Because the trial court did not attempt to empanel a previously dismissed venire member, the court was not required to give Castro the "opportunity to choose between continuing with 11 jurors or seeking a mistrial." *Hegar,* 11 S.W.3d at 294; *see also Carrillo,* 597 S.W.2d at 771; *Strickland,* 741 S.W.2d at 553. We hold that the rule from *Hegar* does not apply to the facts of this case. *See* 11 S.W.3d at 294. We overrule Castro's second issue.

## Conclusion

We hold that the trial court (1) did not abuse its discretion in dismissing Kasinsky as a disabled juror and proceeding to trial with eleven jurors instead of twelve, and (2) was not required to give Castro the choice between continuing with eleven jurors or a mistrial. We therefore affirm the judgment of the trial court.