NO. 07-07-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 29, 2008

_____

JOHN STEPHENS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,195; HON. JIM BOB DARNELL, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, John Stephens, appeals his conviction for intoxication assault with a motor vehicle, enhanced by two prior felony convictions, and sentence of 45 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

On September 25, 2005, appellant and his girlfriend, Cassandra Payne, visited a bar at which appellant consumed alcohol. After a couple of hours, the couple left the bar on appellant's motorcycle. While driving on the access road to Interstate 27, appellant lost control of the motorcycle causing Payne to be thrown from the vehicle and into oncoming traffic. As a result of being thrown from the motorcycle, Payne suffered a large wound on her head and was knocked unconscious. A witness to the accident called 911 and both appellant and Payne were transported to the hospital by ambulance. Based on blood testing, appellant's blood-alcohol concentration was 0.11 soon after the accident.

Appellant was indicted for committing the offense of intoxication assault. See TEX. PENAL CODE ANN. § 49.07 (Vernon Supp. 2008). The indictment alleged that appellant drove or operated a motor vehicle in a public place while intoxicated and, by reason of such intoxication, caused serious bodily injury to Payne through accident or mistake. The indictment specifically alleged that appellant failed to control the motor vehicle and operated it at an unsafe speed. Following trial, an 11 person jury returned a verdict finding appellant guilty of intoxication assault. The trial court then found two enhancement paragraphs true and sentenced appellant to 45 years incarceration in the Texas Department of Criminal Justice, Institutional Division.

By three issues, appellant appeals the conviction and sentence. By his first issue, appellant contends that the trial court abused its discretion by finding a juror disabled and proceeding with only 11 jurors. By his second issue, appellant contends that the trial court

2

erred by admitting expert opinion testimony without a proper predicate, pursuant to Texas Rule of Evidence 702, being shown. By his third issue, appellant contends he was denied effective assistance of counsel.

## Juror Disability

By his first issue, appellant contends that the trial court abused its discretion in dismissing a juror as disabled after the jury had been empaneled. Appellant contends that the juror simply indicated a bias or prejudice in cases involving motorcycles and that such a bias or prejudice is an insufficient basis to find a juror disabled.

After the jury was empaneled and sworn and after one witness testified, the trial court recessed for the evening. After the recess, a member of the jury, Mendez, informed the court that she did not believe that she could continue to serve on the jury in the case. According to the court, Mendez was "freaking out," "extremely upset," and crying. The court informed the parties that the court did not think that the juror could continue as a juror because she was "extremely distraught" and she had already stated that there was no way that she could listen to the evidence in this case. However, because appellant had already left the courtroom, the trial court informed the parties and the juror that they would take up the issue in the morning.

The following morning, Mendez indicated that she continued to feel that she would be unable to reach a verdict in the case because of what had happened to her. She explained that, about a year earlier, she was in a similar motorcycle accident and that her knowledge of motorcycles would preclude her from ascribing blame to anyone. When

3

asked if her experience and knowledge would prevent her from being a fair and impartial juror, Mendez stated that she believed that it would. Following examination of Mendez by both parties, the court opined that Mendez was disabled and would not be able to continue to serve as a juror. Appellant objected on the grounds that Mendez simply held a bias or prejudice and was not disabled to serve on the jury. The court overruled appellant's objection and found that Mendez was disabled to serve on the jury. The court then overruled appellant's motion for mistrial and granted the State's motion to proceed with the remaining 11 jurors.

The Texas Constitution requires a jury in a felony case to be composed of 12 members. TEX. CONST. art. V, § 13. However, this provision also authorizes the legislature to change or modify this requirement if a juror dies or is disabled from sitting. Id. Article 36.29 of the Texas Code of Criminal Procedure provides that "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2007). A juror is disabled if he has a "physical illness, mental condition, or emotional state" which hinders the juror's ability to perform the duty of a juror. Hill v. State, 90 S.W.3d 308, 315 (Tex.Crim.App. 2002). A disability, for purposes of article 36.29(a), includes "any condition that inhibits a juror from fully and fairly performing the functions of a juror." Routier v. State, 112 S.W.3d 554, 588 (Tex.Crim.App. 2003).

The determination of whether a juror is disabled is within the discretion of the trial court. See Brooks v. State, 990 S.W.2d 278, 286 (Tex.Crim.App. 1999). Absent an abuse

4

of that discretion, we will not find reversible error. Id. A trial court abuses its discretion if its decision was arbitrary or unreasonable, Brown v. State, 960 S.W.2d 772, 778 (Tex.App.–Dallas 1997, pet. ref'd), or, given the record and the applicable law, the decision fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.–Amarillo 1999, pet. ref'd). In other words, a trial court abuses its discretion only if the reviewing appellate court can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the trial court. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

In the present case, the trial court found that Mendez was disabled due to an emotional state which hindered her ability to perform her duties as a juror. The trial court based its ruling on its "observation of her yesterday and her uncontrollable crying and shaking." The court stated that Mendez had become "emotionally distraught" after hearing testimony relating to the 911 call in the present case and the court opined that "it would be a major problem to have her continue to serve on the jury . . . ." Further, Mendez stated that she did not believe that she would be able to be a fair and impartial juror in this case. Because the trial court was able to observe Mendez's attitude and demeanor and could have reasonably determined that hearing the evidence in this case would have caused an emotional state that would have prevented her from fully and fairly performing the functions of a juror, we cannot conclude that the trial court abused its discretion in dismissing Mendez as disabled and proceeding to trial with 11 jurors.[1]

---

[1] Appellant correctly contends that the Texas Court of Criminal Appeals has held that a juror's bias or prejudice for or against a defendant does not render a juror disabled. Ex parte Hernandez, 906 S.W.2d 931, 932 (Tex.Crim.App. 1995). However, we cannot

5

We overrule appellant's first issue.

## Expert Opinion Testimony

By his second issue, appellant contends that the trial court erred by admitting the expert opinion testimony of Lubbock Police Corporal Jeanelle Taveau without a proper predicate being laid pursuant to Texas Rule of Evidence 702. Specifically, appellant contends that the trial court erred in failing to determine whether Taveau's opinion testimony was reliable before admitting it.

Soon after the motorcycle accident, Taveau, the lead accident investigator in this case, arrived at the scene. Taveau photographed the accident scene and made markings in the pavement to preserve evidence relevant to determining how the accident occurred. From her observations of and evidence collected at the scene of the accident, Taveau was able to calculate that appellant was traveling at a speed of between 52 and 56 miles per hour when he first lost control of the motorcycle.[2] Taking into account road conditions at the time of the accident, Taveau concluded that appellant was traveling at an unsafe speed and failed to control his vehicle, which caused the accident that caused Payne's injuries.

conclude from the record that the trial court abused its discretion in finding that the emotional distress that the evidence caused Mendez was more than a mere bias or prejudice. Further, a bias or prejudice that puts the juror in such an emotional state that it prevents the juror from fully and fairly performing the duties of a juror may render the juror disabled. See Reyes v. State, 30 S.W.3d 409, 412 (Tex.Crim.App. 2000).

[2] The posted speed limit at the location of the accident was 40 miles per hour.

Appellant concedes that he did not object to Taveau's opinion testimony at trial. Additionally, appellant did not request the trial court conduct a <u>Daubert</u> hearing pursuant to Texas Rule of Evidence 702. <u>See</u> <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 590-95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); <u>Kelly v. State</u>, 824 S.W.2d 568, 572-73 (Tex.Crim.App. 1992). To preserve a complaint of error relating to the admission of evidence, an appellant must have made a specific and timely objection to the evidence at trial. <u>See</u> TEX. R. APP. P. 33.1(a); <u>Ethington v. State</u>, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). Because appellant failed to make a timely and specific objection to Taveau's expert opinion testimony at trial, nothing has been preserved for our review.

We overrule appellant's second issue.

Ineffective Assistance of Counsel

Finally, by his third issue, appellant contends that he was denied the effective assistance of counsel at trial. Specifically, appellant contends that his trial counsel provided ineffective assistance based on his failure to object to or to request a <u>Daubert</u> hearing on Taveau's expert opinion testimony relating to the cause of the motorcycle accident.

Ineffective assistance of counsel claims are reviewed under the two-pronged test articulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). <u>See</u> <u>Hernandez v. State</u>, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting <u>Strickland</u> as applicable standard under Texas Constitution). The first prong of the <u>Strickland</u> test requires a showing that counsel's performance was deficient, which requires

7

a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The second prong of the Strickland test requires a showing that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Id.

Review of a claim of ineffective assistance of counsel must be highly deferential to trial counsel's trial strategies and decisions. Id. at 689. Because of the distorting effects of hindsight, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the defendant must overcome the presumption that the challenged action "might be considered sound trial strategy." Id. In order to overcome this burden, the defendant must specify the particular acts or omissions allegedly constituting ineffectiveness, present evidence illustrating why counsel did what he did, and establish how that strategy was unsound. Rodriguez v. State, 974 S.W.2d 364, 371 (Tex.App.–Amarillo 1998, pet. ref'd). A direct appeal is usually an inadequate vehicle for raising claims of ineffective assistance because the record is generally undeveloped. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective and, absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." Id.

Appellant argues that, "It cannot be effective strategy to permit the admission of expert opinion testimony on a significant element of the offense without objection or a

8

Daubert hearing pursuant to Rule 705(b)." However, appellant has failed to show how Taveau's testimony regarding the speed at which appellant was traveling when the accident occurred constitutes a significant element of the offense of intoxication assault. The offense, as applicable to this case, required the State to prove that appellant, by accident or mistake, while operating a motor vehicle in a public place while intoxicated, caused serious bodily injury to another by reason of that intoxication. See TEX. PENAL CODE ANN. § 49.07(a)(1) (Vernon Supp. 2008). Even if appellant's speed constituted a significant element of the charged offense, Payne testified that appellant told her that he was driving at a speed around 60 miles per hour at the time of the accident. There was no objection to this testimony at trial and there is no appellate claim that trial counsel's failure to object to this testimony was ineffective assistance. Thus, Taveau's testimony regarding the speed that appellant was traveling at when the accident occurred is merely cumulative of other evidence that was admitted without objection and this other evidence has not been raised by appellant's ineffective assistance claim. Finally, we note that appellant's trial counsel attempted to establish, through Taveau's expert testimony, that the cause of the accident was another vehicle clipping or hitting appellant and causing him to lose control of the motorcycle. Clearly, appellant had strategic reasons to avoid discrediting the State's accident reconstruction expert when appellant intended to establish a defense through her expert testimony. Because the record does not establish trial counsel's strategy in not objecting to or otherwise challenging Taveau's testimony and as there are legitimate and sound trial strategies that would justify the failure to do so, we cannot conclude that trial counsel failed to provide effective assistance.

9

We overrule appellant's third issue.

<br>

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

<br>

Mackey K. Hancock<br>Justice

Publish.