MEMORANDUM OPINION

 

No. 04-10-00251-CR

 

Joe Perez Gonzalez,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 175th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008-CR-4420

Honorable Mary D.
Roman, Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Sandee Bryan Marion, Justice

                     Rebecca
Simmons, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  January 19, 2011

 

AFFIRMED

 

Appellant Joe Perez
Gonzalez appeals his conviction of three counts of aggravated sexual assault of
a child, arguing that the trial court improperly dismissed a juror and
proceeded to trial with only eleven jurors.  We affirm the trial court’s
judgment.

Background

C.S.,[1] the
nine-year-old victim in this case, is Gonzalez’s stepdaughter.  After C.S.’s
mother married Gonzalez, C.S. resided with her grandparents in a separate
house.  C.S. would occasionally visit her mother and step-family.  While taking
a bath at her home, C.S. complained to her aunt that her “privates” were
hurting and indicated that Gonzalez had inappropriately touched her when she
had visited her mother.  C.S.’s aunt notified the authorities, and Gonzalez was
indicted for three counts of aggravated sexual assault of a minor.  After the
jury was impaneled but prior to trial, the
trial court dismissed one of the jurors, who had expressed emotional
difficulties over proceeding with the trial.  The jury convicted Gonzalez of
all three counts, and Gonzalez appeals.

Discussion

The Texas Constitution
generally requires that a jury in a felony criminal trial consist of twelve
jurors.  Tex.
Const. art. V, § 13.  A trial court may, however, dismiss one juror if
she “dies or, as determined by the judge, becomes disabled” during the trial.  Tex
Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2010); see
also Tex.
Const. art. V, § 13 (allowing a
trial court to proceed after dismissing three disabled jurors).  “A
juror is disabled if she has a physical illness, mental condition, or emotional
state which hinders her ability to perform her duties as a juror.”  Hill v.
State, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) (citation and internal
quotes omitted).  

The determination of
whether a juror is disabled is within the trial court’s discretion.  See
Brooks v. State, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999).  A trial court
abuses its discretion if its decision is arbitrary or unreasonable.  Brown
v. State, 960 S.W.2d 772, 778 (Tex. App.—Dallas 1997, pet. ref’d).

Trial courts do not abuse
their discretion in dismissing a juror who has testified to suffering
debilitating panic attacks; experiencing emotional distress from hearing
testimony; and experiencing nervousness, unease, and sickness at the idea of
passing judgment on another person.  See Hill, 90 S.W.3d at 315; Stephens
v. State, 276 S.W.3d 148, 152 (Tex. App.—Amarillo 2008, pet. ref’d); Castro
v. State, 233 S.W.3d 46, 48 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 
The Amarillo Court of Appeals has held that a single mother’s inability to find
childcare for her child, which would prevent her from focusing attention upon
the trial, was an appropriate ground to dismiss her as disabled.  See Owens
v. State, 202 S.W.3d 276, 277 (Tex. App.—Amarillo 2006, pet. ref’d).

In the present case,
juror Laura Guerrero was crying as she told
the courtroom deputy, Yvette Martinez, that she felt that she could not go
through with the trial.  Deputy Martinez told the trial judge that Ms. Guerrero
felt that she could not “pass judgment” on the defendant even if he had
committed the acts that the State had charged him with.  Ms. Guerrero testified
that she had been up all night after general voir dire and felt that she could
not “accuse someone” of a crime.  She also expressed difficulty, being a single
mother, arranging for her child to be picked up from school.  Ms. Guerrero also
testified that she was claustrophobic and suffered from panic attacks, and did
not feel that she would be able to sit through the trial, listen to all of the
testimony, or fairly perform her functions as a juror in the case.  Based on
Ms. Guerrero’s testimony, and the trial court’s observation of Ms. Guerrero’s
attitude and demeanor, we cannot conclude that the trial court abused its
discretion in dismissing Ms. Guerrero as disabled and proceeding to trial with
eleven jurors.  See Hill, 90 S.W.3d at 315; Stephens,
276 S.W.3d at 152; Castro, 233 S.W.3d at 48; Owens, 202 S.W.3d at
277.  

Conclusion

           The trial court’s judgment is affirmed.

Rebecca Simmons, Justice

 

DO NOT PUBLISH

 

 

 

 

 

 

 

 

 









[1] 
To protect the privacy of the victim in this case, we refer to the victim by her
initials.  See Tex. Fam. Code Ann.

§ 109.002(d) (West 2008).