Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00251-CR

Joe Perez **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-4420
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  January 19, 2011

AFFIRMED

Appellant Joe Perez Gonzalez appeals his conviction of three counts of aggravated sexual assault of a child, arguing that the trial court improperly dismissed a juror and proceeded to trial with only eleven jurors.  We affirm the trial court's judgment.

### BACKGROUND

C.S.,[1] the nine-year-old victim in this case, is Gonzalez's stepdaughter. After C.S.'s mother married Gonzalez, C.S. resided with her grandparents in a separate house. C.S. would occasionally visit her mother and step-family. While taking a bath at her home, C.S. complained to her aunt that her "privates" were hurting and indicated that Gonzalez had inappropriately touched her when she had visited her mother. C.S.'s aunt notified the authorities, and Gonzalez was indicted for three counts of aggravated sexual assault of a minor. After the jury was impaneled but prior to trial, the trial court dismissed one of the jurors, who had expressed emotional difficulties over proceeding with the trial. The jury convicted Gonzalez of all three counts, and Gonzalez appeals.

### DISCUSSION

The Texas Constitution generally requires that a jury in a felony criminal trial consist of twelve jurors. TEX. CONST. art. V, § 13. A trial court may, however, dismiss one juror if she "dies or, as determined by the judge, becomes disabled" during the trial. TEX CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2010); *see also* TEX. CONST. art. V, § 13 (allowing a trial court to proceed after dismissing three disabled jurors). "A juror is disabled if she has a physical illness, mental condition, or emotional state which hinders her ability to perform her duties as a juror." *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) (citation and internal quotes omitted).

The determination of whether a juror is disabled is within the trial court's discretion. *See Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Brown v. State*, 960 S.W.2d 772, 778 (Tex. App.— Dallas 1997, pet. ref'd).

---

[1] To protect the privacy of the victim in this case, we refer to the victim by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2008).

Trial courts do not abuse their discretion in dismissing a juror who has testified to suffering debilitating panic attacks; experiencing emotional distress from hearing testimony; and experiencing nervousness, unease, and sickness at the idea of passing judgment on another person. *See Hill*, 90 S.W.3d at 315; *Stephens v. State*, 276 S.W.3d 148, 152 (Tex. App.—Amarillo 2008, pet. ref'd); *Castro v. State*, 233 S.W.3d 46, 48 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The Amarillo Court of Appeals has held that a single mother's inability to find childcare for her child, which would prevent her from focusing attention upon the trial, was an appropriate ground to dismiss her as disabled. *See Owens v. State*, 202 S.W.3d 276, 277 (Tex. App.—Amarillo 2006, pet. ref'd).

In the present case, juror Laura Guerrero was crying as she told the courtroom deputy, Yvette Martinez, that she felt that she could not go through with the trial. Deputy Martinez told the trial judge that Ms. Guerrero felt that she could not "pass judgment" on the defendant even if he had committed the acts that the State had charged him with. Ms. Guerrero testified that she had been up all night after general voir dire and felt that she could not "accuse someone" of a crime. She also expressed difficulty, being a single mother, arranging for her child to be picked up from school. Ms. Guerrero also testified that she was claustrophobic and suffered from panic attacks, and did not feel that she would be able to sit through the trial, listen to all of the testimony, or fairly perform her functions as a juror in the case. Based on Ms. Guerrero's testimony, and the trial court's observation of Ms. Guerrero's attitude and demeanor, we cannot conclude that the trial court abused its discretion in dismissing Ms. Guerrero as disabled and proceeding to trial with eleven jurors. *See Hill*, 90 S.W.3d at 315; *Stephens*, 276 S.W.3d at 152; *Castro*, 233 S.W.3d at 48; *Owens*, 202 S.W.3d at 277.

## CONCLUSION

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH