**Opinion issued June 21, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NOS. 01-11-00214-CR & 01-11-00215-CR**

———————————

**JOSE ANTONIO GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1156483 & 1281410**

———————————

**MEMORANDUM OPINION**

A jury convicted appellant Jose Antonio Gonzalez of two charges of aggravated sexual assault of a child under the age of 14. TEX. PENAL CODE ANN. § 22.021 (West 2011). The jury assessed his punishment at seven years in prison

with respect to each offense, and the trial court ordered that the sentences run concurrently. On appeal, Gonzalez argues that the trial court erred by ruling that one juror was disabled, thereby allowing his case to be tried to a panel of 11 jurors. He also argues that his trial counsel rendered ineffective assistance by failing to object to testimony that a defense witness had committed an extraneous offense. We affirm the judgments.

## Background

Gonzalez was charged with two counts for aggravated sexual assault of a child under the age of 14. Following voir dire examination, the 12 jurors called to form the jury swore the juror's oath. *See* TEX. CODE CRIM. PROC. ANN. arts. 35.20, 35.22 (West 2006) (providing for manner of calling and swearing in jurors). The trial court then recessed for the remainder of the day.

The proceedings resumed the next morning. At the outset, the court announced the following in the presence of the State's and Gonzalez's counsel, although Gonzalez had not yet arrived in the courtroom:

> Let's get the Defendant and the interpreter out and I'll tell you that I've had a conversation with Juror No. 26, the lady that's not here yet and she is suffering mental issues apparently. She does not really remember being at the courthouse yesterday and she didn't get home last night until 11:00 o'clock 'cause she got lost on her way home. She had a flat tire. She doesn't know—you know is all upset because she still has a flat. She doesn't know what to do about it. She had a tow truck take her home and she's scared of the guys that were in the tow truck were going to come and get her or something. Now she is not fit for jury duty in any way, shape or form. So we're going—but I

need to get that all down on the record so we'll just have to wait for the interpreter.

After Gonzalez's arrival, the trial court substantially repeated what it had announced before:

> It's 9:59 a.m. and I just got off the phone with Juror No. 26 . . . . She told me in a rather lengthy conversation that she remembered very little about yesterday when we seated the jury. She did not remember being seated on the jury. She didn't remember much about jury selection. She didn't remember much about coming over to the courthouse from the jury assembly room although she did have some memory of being in the jury assembly room.
>
> She's 69 years old and she told me she's been having trouble recently with her memory but I don't know how recently. She didn't get home last night until 11:00 p.m. because she got lost on her way home. She's very upset and distraught because she had a flat tire after hitting a curb and she had to rely on a tow truck driver to help her with her car and she was like the two men that were in the tow truck are going to come back and harm her and her car is still disabled. She doesn't have any way to get to the courthouse. She lives in Alief and there's no bus service and nobody she can call she says and it's after that conversation it's my belief that she is in no shape to sit on a jury. Her mental condition is fragile at best and so I am considering declaring her to be disabled and then proceeding with 11 jurors.

The prosecutor declared that it wanted the court to disqualify the juror and proceed with the remaining 11 jurors. However, Gonzalez's counsel objected:

> My client is not agreeable to dismissing the juror as being disabled. He wants 12 jurors. If she can't serve he wants another juror selected. Basically we object to proceeding with 11 jurors, do not agree that the juror has demonstrated that she's disabled.

The court overruled the objection. Gonzalez's counsel then moved for a mistrial based upon the ruling, which the trial court also overruled. The jury of 11 was

then seated in the courtroom, the two indictments were read aloud, and Gonzalez pleaded not guilty to both charges.

Testimony at trial established that the Texas Department of Family and Protective Services had at one time investigated whether Gonzalez sexually abused the complainant. As part of that investigation, DFPS conducted blood tests on the complainant, which yielded "normal" results. DFPS terminated its investigation after concluding that there was insufficient information to determine whether any abuse had occurred.

At trial, the State elicited testimony from the complainant that on the previous day, her father had approached her after school with documents produced by DFPS. At the beginning of that line of testimony, Gonzalez's counsel objected on hearsay grounds. The trial court overruled the objection. The State then elicited the following testimony:

State:        What did your dad tell you?

Complainant:  He showed me some papers about Children's Protective Service that said what the blood test and another test that we took. You mean that it's negative that nothing happened.

State:        Okay. So he showed you some medical records and he told you that nothing happened?

Complainant:  Yes, sir.

State:        How did that make you feel?

| | |
|---|---|
| Complainant: | It made me feel like he, he wanted me to not tell the truth. |
| State: | Today in court? |
| Complainant: | Yes, sir. |
| State: | Okay. But are you going to tell the truth today? |
| Complainant: | Yes. |

Other than the initial hearsay objection, Gonzalez's counsel did not object to this testimony. The complainant then testified about the sexual abuse perpetrated by Gonzalez. At a later point in the trial, Gonzalez's counsel questioned the complainant's father about the documents that he had shown his daughter. The complainant's father testified that, based on those documents, he did not believe his daughter's accusations.

The jury convicted Gonzalez on both charges of aggravated sexual assault of a child under the age of 14. The jury sentenced him to prison for seven years on each offense, and the trial court ordered that the sentences run concurrently.

## Analysis

### I. Juror disqualification

In issues one and two, Gonzalez argues that the trial court erred by discharging juror number 26 and thereby allowing him to be tried to a panel of 11 jurors. Ordinarily, a defendant accused of a felony offense must be tried in district court before a panel of 12 jurors. *See* TEX. CONST. art. V, § 13; TEX. CODE CRIM.

PROC. ANN. arts. 33.01(a), 36.29(a) (West 2006 & 2007). However, Article 36.29(a) of the Code of Criminal Procedure provides that "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict." TEX. CODE CRIM. PROC. ANN. art. 36.29(a); *see also* TEX. CONST. art. V, § 13 ("When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict . . . ."). We review the court's determination to discharge a juror pursuant to Article 36.29(a) for an abuse of discretion. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999); *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990) (per curiam). The test for abuse of discretion is not whether, in our opinion, the facts present an appropriate case for the trial court's action. *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). Rather, it is a question of whether the trial court acted without reference to any guiding rules or principles. *Id.* The mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate an abuse of discretion. *Id.*

Gonzalez advances two arguments about the disqualification of juror number 26. He first argues that he was entitled to a jury panel of 12 jurors, and

because trial had not yet begun when the juror failed to appear for trial, *see* TEX. CODE CRIM. PROC. ANN. art. 36.29(a), the court should have followed defense counsel's suggestion to select a twelfth juror from the venire panel. His second argument is that the parties should have been permitted to examine the juror concerning her purported disability and that her condition as described by the judge did not warrant declaring her disabled.

The State maintains that it is well-settled that trial begins when the jury is impaneled and sworn, and that this had in fact occurred before the trial court discharged juror number 26. The State further argues that given the juror's condition as described by the judge, the judge was entitled to find her disabled and discharge her from the jury. As to Gonzalez's contention that he should have been allowed the opportunity to examine the juror, the State argues that he waived this complaint by failing to object on this ground in the trial court.

## A. When trial begins

The federal constitution provides that jeopardy attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S. Ct. 2156, 2162 (1978); *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009). In *Castro v. State*, 233 S.W.3d 46 (Tex. App.—Houston [1st Dist.] 2007, no pet.), this court indicated that for the purposes of Article 36.29(a), trial likewise "begins" once the jury is impaneled and sworn. *See Castro*, 233 S.W.3d at 48 & n.1; *accord McClellan v.*

*State*, 143 S.W.3d 395, 399–400 (Tex. App.—Austin 2004, no pet.); *see also Maten v. State*, 962 S.W.2d 226, 227 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (analyzing former version of Article 36.29(a) and holding that "[a] case is pending from the moment the jury is sworn to try the case"). In addition, "trial on the merits," as that phrase is used in Article 28.10(a) of the Code of Criminal Procedure, has been held to commence when the jury is impaneled and sworn. *See, e.g.*, *Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1994, no pet.), *cited with approval in Sanchez v. State*, 138 S.W.3d 324, 329 (Tex. Crim. App. 2004).

Gonzalez's sole authority to support his contention that trial begins later, when the indictment or information is read to the jury, is Article 36.01 of the Code of Criminal Procedure, which is entitled "Order of proceeding in trial." TEX. CODE CRIM. PROC. ANN. art. 36.01 (West 2007). The beginning of that provision states: "A jury being impaneled in any criminal action . . . the cause shall proceed in the following order: 1. The indictment or information shall be read to the jury by the attorney prosecuting." *Id.* art. 36.01(a). In listing the order of proceedings, the provision assumes that a jury has already been "impaneled." *See id.* Relying on this feature of the statute, the Corpus Christi Court of Appeals has interpreted Article 36.01 to support the conclusion that trial begins once the jury is impaneled and sworn. *See Hinojosa,* 875 S.W.2d at 342 ("We note that article 36.01 . . .

requires that a jury first be impaneled."); *Garcia v. State*, 928 S.W.2d 666, 668 (Tex. App.—Corpus Christi 1996, no pet.) ("Relying on article 36.01 . . . we held [in *Hinojosa*] that a 'trial on the merits commences at the time that the jury is impaneled and sworn, i.e., at the same time that jeopardy attaches,'" citing *Hinojosa*, 875 S.W.2d at 342). We likewise conclude that if Article 36.01 has any bearing on when trial begins for the purposes of Article 36.29, it is that trial begins once the jury is impaneled and sworn.

Consonant with the constitutional principle that jeopardy attaches when the jury is impaneled and sworn, and this court's precedent in *Castro*, we hold that for the purposes of Article 36.29(a), trial begins once the jury is impaneled and sworn. We therefore reject Gonzalez's argument that his trial had not yet begun when the trial court discharged juror number 26.

## B. Juror disability

The term "disabled from sitting" as used in Article 36.29 is not defined by statute. The Court of Criminal Appeals has interpreted the phrase, holding that for the purposes of that provision, "[a] juror is disabled if she has a 'physical illness, mental condition, or emotional state' which hinders her ability to perform her duties as a juror." *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) (quoting *Landrum*, 788 S.W.2d at 579). Thus, "a disability is not limited to physical disease, but also includes 'any condition that inhibits a juror from fully

and fairly performing the functions of a juror.'" *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000) (quoting *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim. App. 1972)). For instance, a juror may be declared disabled if he is in jail at the time the proceedings are to reconvene, *see Griffin*, 486 S.W.2d at 951, he suffers from debilitating panic attacks when placed in stressful situations, *see Hill*, 90 S.W.3d at 315, he fears retaliation from a defendant who is known to him, *see Reyes*, 30 S.W.3d at 412, he endures a sudden personal tragedy such as the death of a relative, *see Allen v. State*, 867 S.W.2d 427, 429–30 (Tex. App.—Beaumont 1993, no pet.), *cited with approval in Reyes*, 30 S.W.3d at 411, he feels physically sick at the thought of passing judgment on another, *see Castro*, 233 S.W.3d at 48–49, or he feels emotionally distraught upon hearing distressing evidence at trial, *see Stephens v. State*, 276 S.W.3d 148, 152 (Tex. App.—Amarillo 2008, pet. ref'd). However, bias or prejudice regarding the defendant or the law applicable to the case is not, by itself, a disability under Article 36.29. *Landrum*, 788 S.W.2d at 579; *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim. App. 1980).

The trial judge spoke with juror number 26 by telephone and related to the parties that the woman "remembered very little" about the previous day's voir dire and did not remember being selected for the jury. Moreover, she was "upset and distraught" because of a flat tire, and she feared that the tow truck men would

return to harm her. The judge concluded that her mental condition was "fragile at best."

The judge was permitted to seek information relevant to the potential disability of the juror by interviewing her over the telephone. *See Ricketts v. State*, 89 S.W.3d 312, 318 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding that court did not abuse discretion by dismissing juror whose father died the night before trial after "speaking with her on the telephone to judge her demeanor"). The information gathered from that telephone interview indicated that the juror suffered from severe memory impairment, was emotionally distraught about a flat tire, lacked a viable means of transportation to bring her to court, and may have been experiencing irrational, paranoid thoughts about people harming her. This information supported the judge's conclusion that the juror could not fully and fairly perform her functions. *See Hill*, 90 S.W.3d at 315. This is not a case where the juror was dismissed solely for demonstrating bias or prejudice. *See, e.g.*, *Landrum*, 788 S.W.2d at 579. Accordingly, it was within the trial court's discretion to discharge the juror for disability. *See Castro*, 233 S.W.3d at 49.

With regard to Gonzalez's contention that he was entitled to examine the juror, we note that he did not make this request in the trial court, nor did he object on the ground that he was denied an opportunity to examine her. Consequently, Gonzalez has waived appellate review of this error. TEX. R. APP. P. 33.1(a).

We overrule Gonzalez's first and second issues.

## II.    Ineffective assistance of counsel

In issues three and four, Gonzalez argues that he received ineffective assistance of counsel because his trial counsel failed to object to the complainant's testimony that her father, who would later testify for the defense, had attempted to persuade her to change her testimony. Gonzalez points out that witness tampering is an offense under the Penal Code. *See* TEX. PENAL CODE ANN. § 36.05 (West 2011). He contends that his counsel should have either objected on the ground that the testimony concerned an inadmissible "extraneous offense," requested a bench conference to determine whether the testimony should be admitted, or obtained a limiting instruction regarding the testimony.

The State maintains that the overall representation received by Gonzalez satisfied prevailing professional norms. The State also contends that the alleged deficiency in performance is not firmly founded in the record because Gonzalez's counsel may have decided not to object so as to avoid drawing the jury's attention to the father's potentially unlawful conduct. Even if the record is sufficient to address the issue, the State argues, the complainant did not testify that Gonzalez himself committed an offense, and Gonzalez cannot show that he was harmed by the testimony.

The standard of review for ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984), and *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail, Gonzalez must first show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Bone*, 77 S.W.3d at 833. "Specifically, appellant must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms." *Bone*, 77 S.W.3d at 833. "Second, appellant must show that this deficient performance prejudiced his defense," meaning that Gonzalez "must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064. If the appellant fails to satisfy one prong of the *Strickland* test, the appellate court need not consider the other prong. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

"Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When the record does not reflect counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can possibly be imagined, and it will not conclude that the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia*, 57 S.W.3d at 440.

The record does not reflect Gonzalez's trial counsel's rationale, if any, for not taking any of the actions that his appellate counsel insists should have been taken. One conceivable rationale, as the State suggests, is that an objection or other request would have focused the jury's attention on the perceived witness tampering perpetrated by a close relative of Gonzalez, thereby undermining his defense. *See Cooper v. State*, 788 S.W.2d 612, 618 (Tex. App.—Houston [1st Dist.] 1990, pet. denied) (overruling ineffective-assistance issue when objection to allegedly inadmissible testimony would have likely focused jury's attention on a fact that was unfavorable to the defendant).

It is also possible that Gonzalez's counsel did not object because he had a strategy to cast the DFPS documents in a different light. Defense counsel elicited testimony from the complainant's father that, based on those documents, he did not believe his daughter's accusations. Later, on defense counsel's motion, the court conducted a hearing outside the jury's presence to determine the admissibility of the documents. Although the court ultimately ruled that the evidence was inadmissible, defense counsel's conduct evinces a possible strategy to present a different perspective on the documents and the father's motivation in showing them to the complainant. *Cf. id.* at 618 ("By waiving the opportunity to object, the defense counsel was able to present a different perspective of the situation.").

For the foregoing reasons, we hold that the record does not affirmatively demonstrate the alleged professional error, and therefore Gonzalez has failed to satisfy the first *Strickland* prong. *Thompson*, 9 S.W.3d at 813. We further hold that the alleged professional error, if any, is not so outrageous that no competent attorney would have engaged in it. *Garcia*, 57 S.W.3d at 440.

We overrule Gonzalez's third and fourth issues.

**Conclusion**

We affirm the judgments of the trial court.


                                        Michael Massengale
                                        Justice

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).