**Opinion filed January 24, 2025**



## In The

# Eleventh Court of Appeals

_____

### No. 11-23-00266-CR

_____

### DOUGLAS EDWARD BURNS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 18058**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Douglas Edward Burns, of the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2024). Based upon Appellant's pleas of "true," the jury found the enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for life in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. In his sole issue, Appellant argues that the trial court erred by excusing a juror for disability pursuant

to Article 36.29 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29 (West Supp. 2024). We affirm.

*Background Facts*

Because there is no challenge to the sufficiency of the evidence, we will address only the facts relevant to the issue on appeal. On October 2, 2023, voir dire began for Appellant's trial and the record identifies J.V. as Juror No. 20. During voir dire, Appellant's trial counsel noted that J.V. was "pretty quiet." After the completion of the voir dire examination, there was no challenge to J.V. serving on the jury. The jury was impaneled and sworn with J.V. being seated as a member of the jury. The trial court then released the jury for the day with instructions to return the following morning.

The following morning, the trial court informed the parties that J.V. had shown up "very emotionally distraught over the prospect of continuing as a juror on this case." The trial court spoke with J.V. in chambers and found her to be "visibly distraught, shaking uncontrollably at the prospect of being a juror in the case." The trial court advised the parties of its determination that J.V. had become disabled from serving on the jury "because of her emotional state of mind." The trial court stated that the trial would proceed with eleven jurors as allowed under Article 36.29. *See id.* There was no objection to the trial court's finding that J.V. was disabled or to the trial court's decision to proceed with eleven jurors.

*Discussion*

Appellant argues in his sole issue that the trial court erred by finding that J.V. was disabled without taking any testimony from J.V., and that the trial court failed to proactively present Appellant with the option to proceed with eleven jurors *or* request a mistrial. The State contends that Appellant has waived his argument for review. We agree with the State.

2

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that articulates with sufficient specificity the grounds, if not apparent from the context, for the desired ruling. TEX. R. APP. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Appellant's trial counsel did not object to the trial court's finding that J.V. was disabled, nor did he move to question J.V. on the record concerning her disability. Further, Appellant did not object to the trial proceeding with eleven jurors, nor did he request a mistrial. Thus, he has not preserved his complaint for review. *See Hernandez. v. State*, 416 S.W.3d 522, 525 (Tex. App.—Eastland 2013, pet. ref'd); *White v. State*, No. 06-19-00200-CR, 2020 WL 3116366, at *1 (Tex. App—Texarkana June 12, 2020, pet. ref'd) (mem. op., not designated for publication).

Nevertheless, even if we assumed that Appellant's complaint is properly before us, the trial court did not abuse its discretion in proceeding to trial with eleven jurors. We review a trial court's determination of a juror's disability for an abuse of discretion. *Scales v. State*, 380 S.W.3d 780, 783–84 (Tex. Crim. App. 2012). The determination must be upheld if it is within the zone of reasonable disagreement. *Id.* at 784.

Article 36.29 of the Texas Code of Criminal Procedure provides that a juror may be excused after the trial of any felony case begins if the juror, as determined by the trial court, "becomes disabled from sitting at any time before the charge of the court is read to the jury." CRIM. PROC. art. 36.29(a). Texas courts have held that for purposes of Article 36.29(a), trial "begins" once the jury is impaneled and sworn. *Garner v. State*, 523 S.W.3d 266, 275 (Tex. App.—Dallas 2017, no pet.); *Castro v. State*, 233 S.W.3d 46, 48 n.1 (Tex. App.—Houston [1st Dist.] 2007, no pet). The record is clear that the jury was impaneled and sworn before the trial court excused J.V.

A juror is disabled when the juror is physically, emotionally, or mentally impaired in some way that hinders his or her ability to perform the duty of a juror. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). Disability is not limited to physical disease but includes "any condition that inhibits a juror from fully and fairly performing the functions of a juror." *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000) (quoting *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim. App. 1972)).

"[I]n order to support its judgment, the trial court must make a finding, sufficiently supported by the record, that the juror was disqualified or unable to perform the duties of a juror." *Scales*, 380 S.W.3d at 784. The record shows that the trial court spoke with J.V. in chambers and observed that J.V. was "visibly distraught" and "shaking uncontrollably at the prospect of being a juror in the case." Although J.V. indicated to the trial court that she could "try to stick through it," the trial court, after observing J.V., specifically found that "her emotional state of mind" caused her to be disabled to the extent that she could not serve as a juror in this case. It is not the role of an appellate court to substitute its own judgment for that of the trial court, but rather, to assess whether, after viewing the evidence in the light most favorable to the trial court's ruling, the ruling was arbitrary or unreasonable. *Id.* And, as we have said, the ruling must be upheld if it is within the zone of reasonable disagreement. *See id.* Based upon the record before us, we cannot conclude that the trial court abused its discretion in finding J.V. was disabled from sitting on the jury based upon her emotional state.

Appellant argues that the trial court erred by not taking any testimony from J.V. as to the disability. We note that the record does reflect the trial court's description of the emotional state of J.V. and the accompanying physical manifestations that he observed of that condition. In *Scales*, the Court of Criminal Appeals noted that the "[b]est practices indicate that such a conversation on the

4

record assists appellate courts in reviewing the sufficiency of the evidence supporting the dismissal, but the failure to do so—even when the juror is available to testify—is not a *per se* abuse of discretion." *Id.* at 784 n.18. Therefore, the trial court was not required to take testimony from J.V.

Citing *Garza v. State*, Appellant also argues that the trial court was required to ask him whether he chose to proceed with eleven jurors or if he chose to ask for a mistrial. 276 S.W.3d 646, 651 (Tex. App.—Houston [1st Dist.] 2008), *aff'd*, *Ex parte Garza*, 337 S.W.3d 903 (Tex. Crim. App. 2011). In *Garza*, a jury was impaneled and sworn to hear the case against the defendant for the misdemeanor offense of driving while intoxicated. *Id.* at 649. Before any evidence was presented, the trial court was informed that one of the jurors had a "cardiac event," and the trial court reset the case for two days later. *Id.* After two days had passed, the juror was still not available, and, after discussion with the parties and contacting the other jurors, the trial court sua sponte declared a mistrial for manifest necessity. *Id.* at 649–50. The defendant objected to the mistrial and requested that the "one day trial" instead be continued for approximately two weeks with the empaneled jury, "[a]nd/or, in the alternative . . . to proceed through trial with the five remaining jurors." *Id.* at 650 (emphasis omitted).

The defendant in *Garza* argued on appeal that the trial court erred by sua sponte declaring a mistrial and by denying his application for writ of habeas corpus based upon double jeopardy grounds. *Id.* at 649. The court of appeals concluded that the dismissed juror was disabled under Article 36.29 but that the trial court erred by failing to consider the less drastic alternative of proceeding to trial with the remaining five jurors, as had been requested in the alternative by the defendant's trial counsel. *Id.* at 652. The court in *Garza* did not hold that the trial court was required to proactively ask whether a defendant wished to proceed with fewer jurors, but rather, it concluded that the trial court should have considered proceeding with

5

fewer jurors as a less drastic alternative to a mistrial. *Id.* Here, the trial court did just that. It considered a less drastic alternative to a mistrial and proceeded to trial with the eleven jurors remaining—consistent with Article 36.29(a).

As a result, *Garza* does not support Appellant's argument that the trial court was required to ask him whether he chose to proceed with eleven jurors or if he chose to ask for a mistrial. Moreover, Article 36.29 contains no requirement set forth by the legislature that the trial court ask a defendant whether a mistrial is requested before proceeding with eleven jurors. *See* CRIM. PROC. art. 36.29(a); *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) (Because the statute states that "the remainder of the jury shall have the power to render the verdict," Article 36.29(a) does not require that the trial court obtain any party's consent to proceed when one juror becomes disabled.). Absent the legislature creating such a requirement, neither shall we.

Having concluded that Appellant did not preserve his complaint for our review but that, nevertheless, the trial court did not abuse its discretion in finding that J.V. was disabled pursuant to Article 36.29(a) and proceeding with eleven jurors, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE

January 24, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.