NO. 07-05-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2006
_____

TEDDY OWENS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0,954,407D; HON. GEORGE GALLAGHER, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Teddy Owens (appellant) challenges his conviction for sexually assaulting a child. Through two issues, he contends the trial court 1) erred in proceeding to trial with only 11 jurors, and 2) should have disqualified itself due to bias. We affirm the judgment of the trial court.

## *Issue One - 11 Jurors*

In his first issue, appellant asserts that his constitutional right to 12 jurors was violated when the trial court ruled that one of the jurors was disabled and tried the case with only the remaining 11.  We overrule it.

If a juror becomes disabled after the trial of a felony begins, the remaining members of the jury may render a verdict.  TEX. CODE CRIM. PROC. ANN. art. §36.29(a) (Vernon Supp. 2005); *Hill v. State,* 90 S.W.3d 308, 315 (Tex. Crim. App. 2002).  This statute has been interpreted as mandating that the trial court proceed with the remaining 11.  *See Hill v. State,* 90 S.W.3d at 315 (so stating).  Additionally, a juror is considered disabled when he has a physical illness, mental condition, or emotional state which renders her unable to perform her duties.  *Id.*  Finally, the trial court's decision with regard to the matter is reviewed under the standard of abused discretion.  *Brooks v. State,* 990 S.W.2d 278, 286 (Tex. Crim. App. 1999).

Here, after the jury was chosen and sworn, the trial court recessed for the day.  Prior thereto, one of the jurors told the trial court that she was attempting to arrange for child care for her children and hoped to have it resolved by the following day.  The next morning, the juror informed the trial court that she had been unable to obtain care and transportation for one of her children and that the child in question had special needs (i.e. he was ADHD, suffered seizures, and had speech and learning disabilities).  Furthermore, the child had to be picked up from school at 3:20 p.m.  The juror was a single parent and had no relatives in the area  except her 94-year-old mother who resided in a nursing home.  So too did she state that due to her concern for her son, she would not be able to focus attention upon the trial.  These circumstances led the trial court to conclude that the juror was

2

disabled within the meaning of the statute, released her from duty, and proceeded to trial with the remaining 11.

As noted by the trial court, the situation was akin to that in *Edwards v. State,* 981 S.W.2d 359, 367 (Tex. App.–Texarkana 1998, no pet.). There, a juror was unable to secure child care of her minor son. Furthermore, the circumstance purportedly interfered with her ability to deliberate and pay attention to the trial. Consequently, the trial court found her to be disabled. We hold no differently here. Because the juror at bar said she was unable to focus upon the trial due to her son's condition and the lack of care, the trial court did not abuse its discretion in finding her disabled. Nor did it err in releasing her from jury service and continuing with only 11 jurors.

### Issue 2 - Disqualification of the Court

In his second issue, appellant argues that the trial judge should have disqualified himself when his impartiality fell subject to question. Furthermore, it fell subject to question when he purportedly "became upset with [a]ppellant's trial counsel" and assisted the prosecution, via questions and direction, in laying the predicate for the admission of evidence. We overrule the issue for several reasons.

First, the complaint was raised, for the first time, on appeal. So, to the extent that the trial judge's supposed conduct warranted recusal, as opposed to disqualification, it was waived. *Madden v. State,* 911 S.W.2d 236, 241 (Tex. App.–Waco 1995, no pet.).

Second, to the extent that partiality may be grounds for disqualification, the complainant must provide facts sufficient to establish that a reasonable man, knowing all the circumstances involved, would harbor doubts as to the judge's impartiality. *Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992)*.* So too must the bias stem from an

3

extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Id.* And, an extra-judicial source is one arising outside the courtroom or the functioning of the court system. *Roman v. State*, 145 S.W.3d 316, 321 (Tex. App.– Houston [14th Dist.] 2004, pet. ref'd). While appellant suggests that the trial judge may have been biased, he did not explain the source of the alleged bias, much less that it was of an extra-judicial nature. Consequently, the type of bias warranting disqualification was not established here.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Publish.