PD-1595-15

PD-1595-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/7/2015 5:53:10 PM
Accepted 12/10/2015 5:16:42 PM
ABEL ACOSTA
CLERK

## NO.

# TO THE COURT OF CRIMINAL APPEALS
# OF THE STATE OF TEXAS

## NO. 10-14-0347-CR

## IN THE COURT OF APPEALS

## FOR THE

## TENTH SUPREME JUDICIAL DISTRICT OF TEXAS

## AT WACO, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

December 10, 2015

ABEL ACOSTA, CLERK

## CLINTON DOUGLAS MILLS,
### Appellant

## V.

## THE STATE OF TEXAS,
### Appellee

## PETITION FOR DISCRETIONARY REVIEW

**JOHN DONAHUE**          **ATTORNEY FOR APPELLANT**
**TBA #05968300**          **CLINTON DOUGLAS MILLS**
**204 N. 6th St.**
**Waco, Texas 76701**
**(254) 752-9090**
**(254) 753-1232 FAX**
**Texascriminalattorney@yahoo.com**

## ORAL ARGUMENT REQUESTED

## SUBJECT INDEX                                    PAGE

Identification of the parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

List of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

## GROUND FOR REVIEW

*1.   Whether the Court of Appeals erred in failing to conduct an Almanza analysis of Mills' claim that the prosecutor erroneously asked the jury to speculate as to Mills' reasons for selecting the jury to assess punishment.*

*2.   Whether the Trial Court erred in ruling a juror disabled and discharging him from jury service.*

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Procedural History of the Case . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts Pertinent To Petitioner's
 Grounds for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ground for Review Number One (Restated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Reasons for Review as to Ground for Review Number One . . . . . . . . . . . . . . . . 4

Arguments and Authorities in Support of Petitioner's Ground for Review Number
One . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ground for Review Number Two (Restated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reasons for Review as to Ground for Review Number Two . . . . . . . . . . . . . . . . 7

Arguments and Authorities in Support of Petitioner's Ground for Review Number
Two . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX - Opinion of 10th Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . end

ii

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner respectfully asserts that this Court would be aided in the resolution of the matters which are the subject of this Petition for Discretionary Review if oral argument were granted. Therefore, Petitioner respectfully requests that this Court set this case for oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Tex.R.App. 68.4(a), a complete list of the names of all interested parties is provided below:

Abelino "Abel" Reyna - District Attorney of McLennan County, Texas
Robert Moody, Amanda Dillon - Assistant District Attorneys
219 N. 6th St., Waco, TX 76701

Clinton Douglas Mills - Appellant
#01969510
McConnell Unit
3001 S. Emily Dr.
Beeville, TX 78102

Sam Martinez - Counsel for Appellant in trial court
1105 Wooded Acres, Suite 200, Waco, TX 76710

John Donahue - Counsel for Appellant on appeal
204 N. 6th St., Waco, TX 76701

Hon. Ralph T. Strother - Presiding Judge

# LIST OF AUTHORITIES

**CASES**                                                                          PAGE

*Allen v. State*, 867 S.W.2d 427 (Tex. App.--Beaumont 1993, no pet.) . . . . . . . . . 9

*Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985) . . . . . . . . . . . . . . . . 4,5

*Boykin v. State*, 818 S.W.2d 782 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . 8

*Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . 7

*Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App.1996) . . . . . . . . . . . . . . . 4

*Dumesnil v. State,* 2002 Tex.App.Lexis 344
    (Tex.App.-- Houston [14th Dist.] 2002, no pet.)(unpublished) . . . . . . . . . . . 4

*Edwards v. State*, 981 S.W.2d 359 (Tex. App.--Texarkana 1998, no pet.) . . . . . . 9

*Freeman v. State*, 838 S.W.2d 772 (Tex. App.--Corpus Christi 1992, pet. ref'd) . 9

*Hill v. State,* 90 S.W.3d 308 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . 7,8

*Owens v. State*, 202 S.W.3d 276 (Tex.App.–Amarillo 2006, pet. ref'd) . . . . . . . . 8

*Reyes v. State*, 30 S.W.3d 409 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . 9

*Sanchez v. State,* 138 S.W.3d 324 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . 8

*Villareal v. State*, 453 S.W.3d 429 (Tex. Crim. App. 2015) . . . . . . . . . . . . . . . . 5

*Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . 6

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 36.29 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

## STATEMENT OF THE CASE

This is an appeal from a jury trial on punishment in the 19th District Court, McLennan County, Texas, the Honorable Ralph T. Strother, presiding, Cause Number 2012-1455-C1. The State instituted proceedings against the Appellant, Clinton Douglas Mills, for the offense of murder, a first degree felony. Tex. Penal Code §19.02. Mills pleaded guilty to the Trial Court before trial and elected to have his punishment assessed by the jury. Punishment was assessed by the jury at life in TDC. No fine was imposed.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On November 13, 2014, Mr. Mils timely filed his Notice of Appeal. His brief was filed on September 9, 2015. The State's reply brief was filed on October 8, 2015. On November 5, 2015, the Tenth Court of Appeals issued an opinion overruling Mills' points of error and affirming his conviction and sentence.

No motion for rehearing was filed. This petition for discretionary review is being filed within 30 days of the Court of Appeal's opinion. *See* Tex.R.App.Proc. 4.1.

## STATEMENT OF FACTS

In July, 2012, Matthew Ray Easley was found at his house, unconscious. He had been beaten, suffering severe head injuries. He later died from those injuries. Three individuals were later identified as the people responsible, Shane Sims, Joe Guitierrez, Jr., and Clinton Douglas Mills. Mills was the first to be tried. He pleaded guilty to the charge of murder and elected to have the jury assess his punishment.

During the voir dire, the prosecutor asked the jury to speculate as to reasons why the defense would choose to have the jury assess punishment as opposed to the jury. (R. 6, ppg. 70-72). The jurors answered with various different opinions, some of which were agreed to by the prosecutor. The prosecutor also, when speaking with a juror, also suggested some reasons, seeing if the panel agreed with that. These reasons included to wanting more emotion from the jury; the judge seeing these cases on a daily basis. In response to a juror's comment about appealing to emotion, the prosecutor mentioned that the judge might have seen too many of these and might be jaded.

At the conclusion of the trial, after the defense had rested, Juror number 2 had a meeting with the judge. During the defense case, a photograph of Mills' family was introduced into evidence. In the photograph were Mills' son and the child's mother. The juror stated that he lived four doors down from the mother but was not aware of

2

the relationship to Mills because she did not have the same last name as Mills. The juror said he socialized with the mother and saw the child on a daily basis. The juror claimed to have been suffering some emotional distress and stated that he would be unable to reach a verdict sending defendant to prison. The juror did not know Mills, nor Mills' family, nor had the juror spoken to the mother about this case. In the end, the Trial Court declared the juror disabled and dismissed him. (R. 8, ppg. 75-86). The Trial Court asked the defense to agree to proceed with 11 jurors. The defense declined and objected to the dismissal of the juror. This objection was overruled. (R. 8, pg. 83).

## Court of Appeals

As to Mills' first point of error, the Court of Appeals held that the error was waived by the failure to object in the trial court.

As to Mills' second point of error, the Court of Appeals held that the trial court did not abuse his discretion in declaring the juror disabled.

## **GROUND FOR REVIEW NUMBER ONE (RESTATED)**

*Whether the Court of Appeals erred in failing to conduct an Almanza analysis of Mills' claim that the prosecutor erroneously asked the jury to speculate as to Mills' reasons for selecting the jury to assess punishment.*

## **REASONS FOR REVIEW AS TO GROUND FOR REVIEW NUMBER ONE**

The Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals.

## **ARGUMENTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S GROUND FOR REVIEW NUMBER ONE**

The Court of Appeals did not address the merits of Mr. Mills' claim. The Court held simply that since there was no objection, the error was waived. Mills had argued, however, that the failure of trial counsel to object should be excused in this case.

Mills acknowledged the general rule that complain on appeal an appellant must show he objected and pursued his objection to an adverse ruling." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App.1996). Otherwise, an appellant forfeits his right to complain. *Id*. However, in this case Mills urges that the Court adopt the reasoning of *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985), as applied in *Dumesnil v. State,* 2002 Tex.App.Lexis 344 (Tex.App.-- Houston [14th Dist.] 2002, no

4

pet.)(unpublished). By this, Mills means that in those instances where the prosecutor's conduct (like an erroneous jury charge) is so egregious as to deprive the accused of a fair trial, the failure to object should be excused.

The Court of Appeals' opinion addressed Mr. Mills' claim without conducting an analysis using the reasoning of *Almanza* . *Almanza* has not been overruled or disavowed by the Court of Criminal Appeals. To the contrary, the *Almanza* analysis has been used recently in *Villareal v. State*, 453 S.W.3d 429 (Tex. Crim. App. 2015).

Mills contends that when the record Is reviewed in its entirety, it becomes apparent that the error above was not harmless. Mills had never before been convicted of a felony. Two other people were involved in the offense. Yet Mills received a life sentence. The complainant was suspected of being a daily user and drug dealer who was using methamphetamine to keep Mills around. The notion that the prosecutor's actions had an impact was apparent during the voir dire of defense attorney. *See* R. 6, pg. 137). Parroting the prosecutor, Juror 33 asked Mr. Martinez why the defense had chosen to have the jury assess punishment as opposed to the judge: "...even though the judge is there and fair and balanced." Once this issue was introduced by the prosecutor, the defense was unable to overcome the question in the jurors' minds.

By bringing up the issue during voir dire, the prosecutor encouraged the jury

to speculate as to why a defendant would not want the judge to assess punishment. The responses are mentioned above. In this manner, the prosecutor encouraged the jury to suggest that there may be evidence or reasons outside the record for the defendant's decision. The actions of the prosecutor were a deliberate move on her part to deprive Mills of a fair trial. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

Voir dire error affects the trial from the very beginning. The prosecution goes first in the process and is able to infect the trial from that point forward. The defense can attempt to ameliorate the error introduced by the prosecution, but it is difficult to quantify its effect in voir dire. Mr. Mills contends that the Court of Appeals should have reviewed the error using the *Almanza* analysis and asks the Court to remand the case for that analysis.

## GROUND FOR REVIEW NUMBER TWO (RESTATED)

*Whether the Trial Court erred in ruling a juror disabled and discharging him from jury service.*

## REASONS FOR REVIEW AS TO GROUND FOR REVIEW NUMBER TWO

The Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S GROUND FOR REVIEW NUMBER TWO

If a juror becomes disabled after the beginning of a felony trial, the trial court may excuse the juror and proceed with the remaining eleven jurors. Art. 36.29 Tex.Code Crim. Proc. The language of Article 36.29 of the Texas Code of Criminal Procedure and the cases applying it make clear that the Legislature's intent was to limit the Article's application to those cases where the juror was physically or mentally impaired in some way which hindered his ability to perform his duty as a juror. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). A juror is disabled if she has a "physical illness, mental condition, or emotional state" which hinders her ability to perform her duties as a juror. *Hill v. State,* 90 S.W.3d 308, 315 (Tex. Crim. App. 2002).

The overall goal when interpreting a statute is to give effect to the collective

7

intent or purpose of the Legislature that enacted the statute. *Boykin v. State*, 818 S.W.2d 782,785 (Tex. Crim. App. 1991). To do so, one must focus on the literal text of the statute and try to discern the fair, objective meaning of that text. *Id.* If the meaning of the text is clear and unambiguous, the court should give effect to that meaning. *Sanchez v. State,* 138 S.W.3d 324, 325 (Tex. Crim. App. 2004). If however, the statute is ambiguous or the plain meaning of the statute would lead to absurd consequences that the Legislature could not possibly have intended, extratextual sources may "then and only then, out of absolute necessity," be consulted. *Id.*

Mills contends that article 36.29, and the cases interpreting it, demonstrate that the trial court erred in excusing the juror in this case. In *Hill v. State, supra*, the Court of Criminal Appeals affirmed the district court's declaration of disability since the juror was unable to perform her duties due to "debilitating panic attacks". *Id.* In *Owens v. State,* 202 S.W.3d 276 (Tex.App.–Amarillo 2006, pet. ref'd), the excused juror informed the trial court that she was unable to obtain care and transportation for her special needs child. The juror was a single parent whose only relative was a 94 year old mother in a nursing home. Because of the problems with her child, she was unable to focus her attention on the trial.

The dismissal of jurors as "disabled from sitting" have been upheld for varied

reasons beyond physical illness. *See e.g., Edwards v. State*, 981 S.W.2d 359, 366-7 (Tex. App.--Texarkana 1998, no pet.) (juror's inability to find child care for son led trial judge to believe that she could not be fair juror or impartially deliberate upon evidence); *Allen v. State*, 867 S.W.2d 427, 429-30 (Tex. App.--Beaumont 1993, no pet.) (juror distraught over two family deaths within twenty-four hour period); *Freeman v. State*, 838 S.W.2d 772 (Tex. App.--Corpus Christi 1992, pet. ref'd) (juror who provided sole financial support for his family so concerned about absence from job that he did not feel that he could be attentive during trial). *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000).

Mills contends, however, that a fundamental difference exists between the impairment of a juror's ability to perform her functions and the mere desire to avoid having to do them. The cases cited above deal with situations where the juror's ability to perform their duties would be impaired whether the trial proceeded or was delayed. In the instant case, however, the juror's "disability" was simply a desire to avoid having to perform his duties. Defense counsel made an effort to keep the juror on the panel. When the trial court declared the juror disabled, defense counsel objected, thus preserving error.

The Court of Appeals cited to *Reyes v. State*, *supra*, for the proposition that the trial court properly considered the juror disabled. However, in *Reyes*, the Court of

9

Criminal Appeals held that knowledge of *the defendant* may result in rendering the juror disabled. None of the cases cited by the Court of Appeals supported the notion that knowledge of a child with a girl to whom Mills was not married constituted such a disability.

In summary, Mills contends that the trial court erred in excusing the juror for a condition that, at most, was simply an effort on the juror's part to avoid having to make a difficult decision. However, this kind of decision is one that jurors are called upon to make every day. To allow this 'disability' to stand begs the question of where to draw the line between being able to perform the duties as a juror and not being able to do so. Therefore, Mills contends that his sentence should be reversed and a new trial ordered on punishment.

**Conclusion**

Mr. Mills, based on either or both of the above grounds of review, contends that his sentence should be vacated and the case remanded to the trial court for a new trial on punishment.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Mr. Mills respectfully requests that this Honorable Court review the transcript of the proceedings in this case, and after such review, determine that the Court of Appeals improperly decided his points

10

of error; reverse the decision of the Court of Appeals, and remand to the Court of Appeals with instructions to conduct an analysis under *Almanza* as to ground for review number one. As to ground for review number two, the punishment should be vacated and the case remanded to the trial court for a new punishment trial.

Respectfully submitted,

 */S/ John Donahue*
JOHN DONAHUE
TBA #05968300
204N. 6th St.
Waco, Texas 76701
(254) 752-9090
Fax (254) 753-1232
Texascriminalattorney@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Corrected Petition for Discretionary Review was forwarded to the following on December 7, 2015

 */S/ John Donahue*
JOHN DONAHUE

Sterling Harmon
Ass't District Attorney
McLennan County, Texas
Waco, TX 76701
(254) 757-5084
(254) 757- 5021
Sterling.Harmon@co.mclennan.tx.us

Clinton Douglas Mills, #01969510
McConnell Unit
3001 S. Emily Dr.
Beeville, TX 78102

11

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i) because:

   ■    this brief contains 2994 words, including the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1), or,

   ☐    this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.    This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because:

   ■    this brief has been produced on a computer in conventional typeface using Corel Wordperfect 8.0 in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

   ☐    this brief is a typewritten document printed in standard 10 character per inch monospaced typeface.


 */S/ John Donahue*
JOHN DONAHUE
Attorney for Appellant
Dated:   December 7, 2015



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00347-CR

**CLINTON DOUGLAS MILLS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-1455-C1

## MEMORANDUM  OPINION

In two issues, appellant, Clinton Douglas Mills, challenges the punishment assessed in this murder case. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). Specifically, Mills contends that: (1) during voir dire, the prosecutor improperly asked the jury to speculate as to why he elected for the jury, rather than the judge, to assess punishment; and (2) the trial court committed reversible error in determining that a juror was disabled under article 36.29 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN.

art. 36.29 (West Supp. 2014). Because we overrule both of Mills's arguments, we affirm the judgment of the trial court.

## I.    BACKGROUND

Here, Mills was charged for the murder of Matthew Ray Easley. *See* TEX. PENAL CODE ANN. § 19.02. The record reflects that Mills was one of three co-conspirators in the murder and that Mills was the first of the three to be tried. Prior to trial, Mills pleaded guilty to the charged offense and elected for a jury to assess his punishment. The trial court accepted Mills's guilty plea and found him guilty of the charged offense. The case proceeded to the punishment phase. At the conclusion of the punishment phase, the jury assessed punishment Mills to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Mills's right of appeal, and this appeal followed.

## II.    VOIR DIRE

In his first issue, Mills argues that the prosecutor improperly asked the jury during voir dire to speculate as to why Mills elected to have a jury, rather than the judge, assess punishment.

### A.    Facts

In his introductory remarks to the venire panel, the trial judge noted that:

This trial is going to be a little different because the Defendant in this case yesterday waived his right to a trial by jury at the guilt/innocence phase of the trial, pled guilty to the offense of murder and was found guilty of

murder by the Court, so what the jury is going to be asked to determine in this case, "What is the proper punishment for the offense of murder?"

Thereafter, during the State's portion of voir dire, the following exchange occurred:

[The State]: Now the judge has told you that the—it's the Defendant's right to pick a judge or a jury to assess punishment, okay? He can say, "Judge, I want you to do it, or, no, I want twelve people of this county to do it." Let's see. Where did we stop when we were going through? I think we jumped over here, didn't we? Thirty-four, okay, Ms. White—or, no, Mr. White, 34, why would someone, you think pick a jury instead of a judge to assess their punishment?

VENIREPERSON: Well, that becomes more of the—the peers. The Judge deals with it on a daily basis—

[The State]: Uh-huh.

VENIREPERSON: —and the—the community doesn't—

[The State]: Uh-huh.

VENIREPERSON: —so—so they'll look at it probably in a different—

[The State]: A different set of glasses?

VENIREPERSON: Yes.

[The State]: Okay, what about Juror 35? Why do you think someone would choose a jury over a judge to assess punishment?

VENIREPERSON: Hoping to appeal to emotion maybe.

[The State]: Sure. Something maybe the Judge has seen too many of these. He—he's jaded. Thirty-six, why would

| | |
|---|---|
| | someone pick a jury over a judge to assess punishment? |
| VENIREPERSON: | You have more people involved in the process who can argue together and bring out points you may have missed. Someone else will say, "Well, we missed this," and you talk about it, and sometimes it takes a group. |
| [The State]: | "Sometimes it takes a group," sure. Thirty-seven, can you think of any other reasons? |
| VENIREPERSON: | No. I agree with all of those— |
| [The State]: | Okay. |
| VENIREPERSON: | —that, you know, it's just better to have different opinions— |
| [The State]: | Uh-huh. |
| VENIREPERSON: | —rather than the one. |
| [The State]: | Sure. I guess more people to convince? |
| VENIREPERSON: | Yes. |
| [The State]: | Thirty-eight. |
| VENIREPERSON: | The same, twelve different emotions, twelve different mindsets just going through it. |
| [The State]: | Does everybody kind of agree with that? Does anybody have any other viewpoints on that? |
| THE VENIRE: | (No response). |

Mills did not object to the aforementioned exchange; however, it is this exchange that

forms the basis of his complaint in this issue.

**B.     Discussion**

Contentions that the State asked an improper question during voir dire require a timely and specific objection from the defendant at the earliest possible opportunity to preserve error. *See* TEX. R. APP. P. 33.1(a); *Penry v. State*, 903 S.W.2d 715, 741, 764 (Tex. Crim. App. 1995); *Ross v. State*, 154 S.W.3d 804, 807 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *see also Wampler v. State*, No. 11-13-00374-CR, ___ S.W.3d ___, 2015 Tex. App. LEXIS 10155, at **4-5 (Tex. App.—Eastland Sept. 30, 2015, no pet. h.). Because Mills failed to timely object to the complained-of exchange, he has waived this complaint on appeal. *See* TEX. R. APP. P. 33.1(a); *Penry*, 903 S.W.2d at 764; *Ross*, 154 S.W.3d at 807; *see also Wampler*, 2015 Tex. App. LEXIS 10155, at **4-5.

Nevertheless, despite the general rule regarding preservation, Mills urges this Court to apply the *Almanza* egregious-harm standard to this issue. *See generally Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). This is essentially a fundamental-error argument, which can be waived by failure to object in the trial court. *See Mays v. State*, 318 S.W.3d 368, 393-94 (Tex. Crim. App. 2010) (concluding that appellant failed to preserve his complaints about "a series of egregiously improper remarks" by not objecting to those arguments at trial); *Morris v. State*, 460 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Appellant, however, argues that the jury argument is incurable fundamental error. Even if the State's arguments were incurable and rose to the level that it deprived appellant of his right to due process of law, appellant waived

this complaint by failing to object in the trial court."); *see also Harvey v. State*, No. 10-15-00067-CR, 2015 Tex. App. LEXIS 9757, at **8-9 (Tex. App.—Waco Sept. 17, 2015, no pet. h.) (mem. op., not designated for publication) (same). Because Mills did not object to the complained-of exchange in the trial court, we are not persuaded by Mills's reliance on *Almanza* in this issue. We overrule Mills's first issue.

### III. JUROR DISABILITY

In his second issue, Mills asserts that the trial court erred in ruling that a juror was disabled and thereby discharged him from service on the jury.

### A. Applicable Law

If a juror becomes disabled after the trial of a felony begins, the remaining members of the jury may render a verdict. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a); *see also Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002). In other words, article 36.29(a) mandates that the trial court proceed with the remaining eleven jurors. *See Hill*, 90 S.W.3d at 315. A juror is considered disabled when he has a physical illness, mental conditions, or emotional state that renders him unable to perform his duties. *See Hill*, 90 S.W.3d at 315; *see also Owens v. State*, 202 S.W.3d 276, 277 (Tex. App.—Amarillo 2006, pet. ref'd). A trial court's decision to declare a juror disabled and subsequently excuse the juror is reviewed for an abuse of discretion. *Owens*, 202 S.W.3d at 277 (citing *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999); *see Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990).

**B. Discussion**

At the close of evidence, the trial court went into recess to prepare the charge. During the recess, a juror approached the bailiff to report an issue he was having with the case. The juror explained that when a photo of Mills's family was shown to the jury, he realized that he knew Mills's child and the child's mother, but not Mills himself. The juror also noted that Mills's family has been to his house on numerous occasions and that he waves to Mills's child every morning. Furthermore, the juror asserted that:

> You know, like I said, I see [Mills's child] on a daily basis. I mean he's always riding his bike around the neighborhood. If I'm outside, he comes up and talks to me. You know, like I said, he's always standing outside waiting on the bus. We wave at each other every morning. Just I don't think I could—I don't think I could do that.

When asked what he could not do, the juror clarified that he could not reach a verdict in this case.

Later, the juror stated that, because of his relationship with Mills's family, he "can't sentence that kid's father. You know, I mean—I mean I deal with them" and that he did not feel like he could render a fair and impartial verdict in this matter. When questioning the juror about the situation, the trial judge noted that the juror seemed "emotionally distraught now as we're sitting here." The trial judge also recounted that the juror's "voice is quavering now, and you're pretty distraught about this." After the juror left the courtroom, the trial judge stated the following on the record:

> The juror was quite emotional about this situation, and he had no way of knowing until now that he knew anything about this case, or it just wasn't

an issue that had come up, but he was very emotional. He was about to cry in here, and he says there is no way that he could be fair and impartial in this matter. There's no way he could reach a verdict that would send the father of that child to the penitentiary for any period of time, life or any other sentence, and that he just could not do it, and he was—as I said, he was emotional.

Over Mills's objection, the trial court determined the juror to be disabled, excused the juror from service on the jury, and ordered that the trial proceed with eleven jurors.

With respect to a juror's disability, the Court of Criminal Appeals has mentioned:

In interpreting the language concerning "disability" as it relates to the various provisions of art. 36.29, we have recognized that a disability is not limited to physical disease, but also includes "any condition that inhibits a juror from fully and fairly performing the functions of a juror." *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim. App. 1975). *See also, Ramos v. State*, 934 S.W.2d 358, 369 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1198, 117 S. Ct. 1556, 137 L. Ed. 2d 704 (1997); *Bass v. State*, 622 S.W.2d 101, 106 (Tex. Crim. App. 1981), *cert. denied*, 456 U.S. 965, 102 S. Ct. 2046, 72 L. Ed. 2d 491 (1982). We have further held that this condition may result from physical illness, mental condition, or emotional state. *See, e.g., Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 956, 120 S. Ct. 384, 145 L. Ed. 2d 300 (1999); *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990); *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim. App. 1980). Thus, the dismissal of jurors as "disabled from sitting" have been upheld for varied reasons beyond physical illness. *See, e.g., Edwards v. State*, 981 S.W.2d 359, 366-7 (Tex. App.—Texarkana 1998, no pet.) (juror's inability to find child care for son led trial judge to believe that she could not be fair juror or impartially deliberate upon evidence); *Allen v. State*, 867 S.W.2d 427, 429-30 (Tex. App.—Beaumont 1993, no pet.) (juror distraught over two family deaths within twenty-four hour period); *Freeman v. State*, 838 S.W.2d 772 (Tex. App.—Corpus Christi 1992, pet. ref'd) (juror who provided sole financial support for his family so concerned about absence from job that he did not feel that he could be attentive during trial).

We have also held that a juror's bias or prejudice for or against a defendant does not render a juror "disabled." *Ex parte Hernandez*, 906 S.W.2d 931, 932 (Tex. Crim. App. 1995), *overruled on other grounds by Hatch*

*v. State*, 958 S.W.2d 813, 816 (Tex. Crim. App. 1997); *Carrillo*, 597 S.W.2d at 769-71. However, in each of these cases, the juror merely had some knowledge of the defendant; nothing in the record indicates that there was any evidence that such knowledge resulted in inhibiting the juror from "fully and fairly" performing his functions as a juror. *See Hernandez*, 906 S.W.2d at 931-2; *Carrillo*, 597 S.W.2d at 770. Thus, these cases do not foreclose the possibility that a juror is "disabled," as that term has been construed with regard to art. 36.29, through knowledge of a defendant when such knowledge "inhibits [him] from fully and fairly performing the functions of a juror." *Griffin*, 486 S.W.2d at 948. That is, while mere knowledge of a defendant cannot, in and of itself, render a juror "disabled," the effect of such knowledge on a juror's mental condition or emotional state may result in rendering the juror "disabled" as that term has been construed with regard to art. 36.29.

*Reyes v. State*, 30 S.W.3d 409, 411-12 (Tex. Crim. App. 2000).

As stated earlier, the trial judge noted on the record that the juror was emotionally distraught, had a "quavering voice" when describing his relationship with Mills's family, and was about to cry about the prospect of having to sentence Mills. Additionally, the juror informed the trial court that he was emotionally incapable of rendering a fair and impartial verdict in this case. Based on this information, we cannot say that the trial court abused its discretion in concluding that the juror was disabled on account of his emotional state. *See Reyes*, 30 S.W.3d at 411-12; *Brooks*, 990 S.W.2d at 286; *Landrum*, 788 S.W.2d at 579; *see also Owens*, 202 S.W.3d at 277. We overrule Mills's second issue.

## IV. CONCLUSION

Having overruled both of Mills's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 5, 2015
Do not publish
[CRPM]

